# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANDRE WINGO,

    Plaintiff,

v.                                        Case No. 05-C-1334

MARK KLUCK, CHAD FREY,
SCOTT ZACK, and
CORNELIA THOMAS,

    Defendants.

## ORDER

Plaintiff Andre Wingo filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Under the Prison Litigation Reform Act of 1996 (PLRA), a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). When determining whether a prisoner has acquired three "strikes" under § 1915(g), courts must consider prisoner actions dismissed on any of the three enumerated grounds both before and after enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998).

Plaintiff has accumulated three "strikes" as follows: 1) Wingo v. Doyle, Case No. 03-C-267, dismissed as frivolous on June 30, 2003; 2) Wingo v. McCann, Case No. 03-C-1474,

dismissed as frivolous and for failure to state a claim on March 26, 2004; and 3) Wingo v. Milwaukee County, Case No. 04-C-401, dismissed as frivolous and for failure to state a claim on July 8, 2004. However, in the complaint plaintiff alleges that he is under imminent danger. If he does in fact fall under that statutory exception to the three-strikes rule, plaintiff will be allowed to proceed in forma pauperis despite already having three strikes. See 28 U.S.C. § 1915(g).

Plaintiff states that "he is imprisoned unlawfully at the [Milwaukee Secure Detention Facility] suffering cruel and unusual punishment." (Compl. at IV.) In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed in forma pauperis under § 1915(g) when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)). However, § 1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." Ciarpaglini, 352 F.3d at 331.

Plaintiff alleges that he is "now suffering imminent harm because he is at the MSDF suffering cruel and unusual punishment." (Compl. at 6). Specifically, he claims that his "Eighth Amendment rights are violated because he is being held in unlawfully [sic] custody." Id. In support of his proposition, plaintiff cites Russell v. Lazar, 300 F.Supp. 2d 716, 720 (E.D. Wis. 2004), which held that "incarcerating a person beyond his the termination of his sentence without penological justification violates the Eighth Amendment prohibition of cruel and unusual punishment when it is the product of deliberate indifference." While plaintiff may be correct on this point, he has given no indication that he is in imminent danger of physical harm. Indeed, plaintiff's allegations are vague and conclusory. White,157 F.3d at 1231. Based on the information plaintiff has presented in the complaint, he has not satisfied the imminent danger exception to the three-strikes rule. Accordingly, his request to proceed in forma pauperis shall be denied.

Plaintiff is required to pay the full $250 filing fee. 28 U.S.C. § 1915(b)(1). I will allow plaintiff thirty days from the date of this order to pay the $248.44 balance of the filing fee. Failure to pay the filing fee in the designated time will result in dismissal of plaintiff's action.

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed in forma pauperis is **DENIED.**

**IT IS FURTHER ORDERED** that this action will be dismissed unless plaintiff pays the $248.44 balance of the filing fee within 30 days from the date of this order.

Dated at Milwaukee, Wisconsin, this 19 day of April, 2006.

/s_____
LYNN ADELMAN
District Judge